NITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GREGORY B. MYERS,

    Plaintiff,

v.                                    Case No: 2:24-cv-419-JES-KCD

CITY OF NAPLES, FLORIDA, a Florida Municipal Corporation and NAPLES BEACH CLUB LAND TRUST TRUSTEE, LLC, a Delaware limited liability company, as Trustee under the Land Trust Agreement dates as of May 27, 2021,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on defendant Naples Beach Club Land Trust Trustee, LLC's Motion to Determine Entitlement to Fees/Costs (Doc. #55) filed on November 19, 2024. No response has been filed and the time to respond has expired. For the reasons set forth below, the Court grants the motion and determines defendant is entitled to attorney fees and costs.

**I.**

On May 21, 2024, plaintiff Gregory B. Myers (plaintiff or Myers) filed a Notice of Removal (Doc. #1) removing a case he himself initiated in state court to federal court. The basis for removal was plaintiff's assertion that the state court case was

related to his prior bankruptcy case and therefore removable pursuant to 28 U.S.C. § 1452.  On June 3, 2024, the Court issued an Order (Doc. #9) directing Mr. Myers to show cause why the case should not be remanded and to show cause why attorney fees and costs should not be imposed.  On June 13, 2024, Naples Beach Club Land Trust Trustee filed a Motion for Remand and Request for Vexatious Litigant Sanctions or, Alternatively, Response to Order to Show Cause (Doc. #10).  On June 20, 2024, the Court granted Mr. Myers an extension of time to respond and denied his intervening Motion to Compel Arbitration and Stay Case.  (Doc. #14.)  On June 23, 2024, Mr. Myers filed a Notice of (Interlocutory) Appeal (Doc. #15) from this Order.  On July 1, 2024, the district court denied a renewed request to stay and directed a response.  (Doc. #20.)  After additional extensions of time, on July 23, 2024, plaintiff filed a Preliminary Response to Order to Show Cause (Doc. #28).  On July 30, 2024, plaintiff filed another Notice of (Interlocutory) Appeal (Doc. #43) from the Order denying the renewed request for a stay (Doc. #20).  On the same day, an Order (Doc. #42) was entered denying a motion to alter or amend the Order denying the renewed motion for stay.  Plaintiff was also reminded to respond to the Motion to Remand (Doc. #10).  On August 2, 2024, plaintiff filed an Amended Response in Opposition to Motion for Remand (Doc. #45).

On November 1, 2024, the Eleventh Circuit dismissed the first appeal and granted a request for monetary sanctions for the frivolous appeal pursuant to Fed. R. App. P. 38.  (Doc. #51.)  On November 6, 2024, the district court overruled objections to the Magistrate Judge's Order (Doc. #42) and remanded the case to the Collier County Circuit Court.  (Doc. #52.)  On November 7, 2024, the Eleventh Circuit found it had no jurisdiction over the denial of a motion to stay case and granted a motion to dismiss the appeal.  Sanctions were denied.  (Doc. #54.)  The mandate issued on December 6, 2024.  (Doc. #58.)

## II.

Defendant Naples Beach Club Land Trust Trustee, LLC (NBC) now seeks a determination that pursuant to 28 U.S.C. § 1447(c) it is entitled to reasonable attorney fees and litigation costs incurred in remanding the case.  (Doc. #55.)  NBC notes that this is not first time Myers has removed his own case from state court or the first time he has removed this specific case.  On September 22, 2023, in Myers v. City of Naples, Fla., 2:23-cv-575-JES-KCD, Doc. #14 (M.D. Fla. Sept. 22, 2003), the Court issued an Opinion and Order remanding 2022-CA-001121 back to the Collier County Circuit Court.  After remand, Myers filed the second Notice of Removal

about an hour before a hearing on a motion for final summary judgment. (Doc. #55 at 3.)

NBC seeks entitlement to fees and costs pursuant to 28 U.S.C. § 1447(c). Under Section 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Eleventh Circuit has summarized the applicable legal standard:

> Recently, the Supreme Court enunciated a standard to guide the district courts in deciding whether to award fees when remanding a case to state court because of improper removal. Martin [v. Franklin Capital Corp., 546 U.S. 132, 126 S. Ct. 704, 711 (2005)]. The Court held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Id. Explicitly rejecting the notion that the statute created a presumption in favor of awarding fees, the Court explained that § 1447(c) only authorized an award of costs and fees when such an award was just. Id. at 709-10. The reasonableness standard was ultimately the result of balancing "the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." Id. at 711.

Bauknight v. Monroe Cnty., Fla., 446 F.3d 1327, 1329 (11th Cir. 2006). Even the existence of prior district court orders

remanding on the same issue does not necessarily justify an award of fees and costs. MSP Recovery Claims, Series LLC v. Hanover Ins. Co., 995 F.3d 1289, 1296 (11th Cir. 2021) (citations omitted).

### III.

Plaintiff removed the case pursuant to 28 U.S.C. § 1334(b) giving district courts "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11" and § 1452 ("A party may remove any claim or cause of action in a civil action … to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."). "As § 1452(a) provides, '[a] party may remove any claim or cause of action in a civil action ... if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.' [] Such removal, however, must be done in a timely fashion." Myers v. Naples Golf & Beach Club, Inc., No. 2:23-CV-13-JES-KCD, 2023 WL 2609041, at *3 (M.D. Fla. Mar. 23, 2023) (internal citation omitted), reconsideration denied, No. 2:23-CV-13-JES-KCD, 2023 WL 3336488 (M.D. Fla. May 10, 2023), and appeal dismissed sub nom. In re Myers, No. 23-11906, 2024 WL 2933488 (11th Cir. May 8, 2024). Plaintiff argues that the automatic stay remains in place, and therefore the Notice of Removal was timely.

The Complaint (Doc. #4), originally filed by plaintiff in state court on July 1, 2022, sought declaratory and injunctive relief against the City of Naples, Florida (the City or defendant), pursuant to Florida Statute Section 163.3215, the Local Comprehensive Planning and Land Development Regulation Act. Plaintiff argued that the Act requires the City to adopt and implement a local comprehensive plan and to ensure that all development approved or undertaken is consistent with the comprehensive plan. On March 30, 2022, the City of Naples Design Review Board (DRB) considered an application by Naples Beach Club Land Trust Trustee, LLC (Naples Beach Club) for a lodging development over a partially below ground garage at 851 Gulf Shore Boulevard, identified as Petition 22-DRB4. The DRB voted and approved the Petition as resolution 22-04, and plaintiff appealed the DRB resolution. The appeal was heard, and the resolution was affirmed and adopted as Resolution 2022-14848. Plaintiff sought to have Resolution 2022-14848 declared void as inconsistent with the comprehensive plan and to enjoin the City from implementing the resolution. The City filed an Answer and Affirmative Defenses (Doc. #5) and Naples Beach Club[1] also filed an Amended Answer and Affirmative Defenses (Doc. #6).

---

[1] A Motion to Intervene (Doc. #3-7 at 5, 31) was filed and granted in state court. (Doc. #3-1.)

On April 12, 2023, summary judgment was granted in favor of defendant Naples Beach Club at a hearing, on April 26, 2023, final judgment was issued, and thereafter statutory attorney fees were granted on July 13, 2023, in excess of $2.7 million. (Doc. #3-7 at 130, 177.) Plaintiff filed a Notice of Filing (Doc. #3-7 at 152) on May 12, 2023, indicating that Barbara Ann Kelly had filed a Suggestion of Bankruptcy on April 19, 2023, in the District of Maryland.

A Notice of Removal (Doc. #3-8 at 33) was filed on or about August 9, 2023, and the case was immediately remanded on September 27, 2023. Myers v. City of Naples, Fla., No. 2:23-CV-575-JES-KCD, 2023 WL 6173416, at *1 (M.D. Fla. Sept. 22, 2023). After remand, on November 28, 2023, the City filed a Notice of Joining Intervenor's Motion for Summary Judgment. (Doc. #3-8 at 48, 54, 108.) On February 6, 2024, plaintiff filed a Motion for Final Summary Judgment. (Doc. #3-8 at 73.) On February 26, 2024, the City filed a Motion for Summary Judgment (Doc. #3-8 at 108). A hearing was set for May 21, 2024, and the motion was taken under advisement. (Doc. #3-1.) The second Notice of Removal was also filed on the same day shortly thereafter.

Plaintiff argues that Rule 9027(a) does not apply because "Mr. Myers is seeking District Court review of numerous violations of the automatic stay." (Doc. #1 at 5.) Regardless of any automatic stay in place, the removal was simply untimely.

> If a claim or cause of action is asserted in another court *after* the bankruptcy case was commenced, a party filing a notice of removal must do so within the shorter of these periods:
>
> (A) 30 days after receiving (by service or otherwise) the initial pleading setting forth the claim or cause of action sought to be removed; or
>
> (B) 30 days after receiving the summons if the initial pleading has been filed but not served with the summons.

Fed. R. Bankr. P. 9027(a)(3) (emphasis added). Plaintiff asserted that he filed a Chapter 11 voluntary petition on November 18, 2015, in the District of Maryland, which was converted to a Chapter 7 case, and on January 28, 2021, plaintiff also filed a Chapter 13 case in the Middle District of Florida, which includes a homestead property at 700 Gulf Shore Boulevard. (Doc. #1 at 2.)  Both of these cases predate the Complaint (Doc. #4), originally filed in state court on July 1, 2022.  The second removal was filed years after service, appearances, and after judgment was entered in favor of NBC in the state court proceedings.

"A federal district court has no jurisdiction to intervene in or to entertain an appeal from a state court's final judgment. '[F]ederal district courts cannot review or reject state court judgments rendered before the district court litigation began.' Behr v. Campbell, 8 F.4th 1206, 1212 (11th Cir. 2021). The state court rendered its final judgment prior to the time Mr. Myers removed this case to federal court. Therefore, even if the removal

had been timely, the Court would not entertain the case." <u>Myers v. Naples Golf & Beach Club, Inc.</u>, 2023 WL 2609041, at *4.

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion to Determine Entitlement to Fees/Costs (Doc. #55) is **GRANTED**. Defendant shall file a supplemental motion within **FORTY-FIVE (45) DAYS** of this Opinion and Order pursuant to M.D. Fla. R. 7.01(c).

**DONE and ORDERED** at Fort Myers, Florida, this __18th__ day of December 2024.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of Record